The United States v. Norville is next on the argument calendar. Mr. Sarovan, may it please the Court, Your Honor. My name is Amber Sarovan, and I represent the appellant, Mr. Forrest Norville. I'm a recent graduate of Notre Dame Law School, and I appear before this Court under the supervision of Mr. Robert Palmer. Your Honors, this is a case about when it's proper for an individual to stop at a stop sign. On April 17th of 2019, Mr. Norville was driving down a road in the early morning hours in and arrested him and searched him incident to that arrest where they had found contraband on Mr. Norville's person. However, Your Honors, the district court abused their discretion when they denied a evidentiary hearing on the motion to suppress for three specific reasons. First, Mr. Norville did not indeed fail to stop at that stop sign because there is a and those disputed issues of material fact are outcome determinative in determining whether or not a evidentiary hearing is required. Are you disputing, then, that the dash cam video shows your client rolling through the stop sign? Not entirely, Your Honor. The dash cam video is not entirely clear or dispositive in showing whether or not Mr. Norville actually stopped at that stop sign. Didn't you concede below that it looks like from the video he didn't come to a complete stop? Your Honor, not entirely. I think I just quoted, it looks like he didn't come to a complete stop from what I've seen on the video. Yes, Your Honor. At the lower court, the defense counsel initially had believed that Mr. Norville had failed to stop at that stop sign, but there were multiple different suppression hearings that had occurred. At the first suppression hearing, the defendant's counsel had stated that, but upon discovering further evidence, specifically that those two individual stop signs did not actually have stop lines marking where an individual was required to stop. I don't understand the significance of that. The stop was not because he, the arrest, was not because he failed to stop in the right place. It was because he failed to stop at all. Presence or absence of a line might mark the right place, but it doesn't go to the probable cause for the stop. Am I missing something? No Your Honor. In this particular instance, what the issue here is that the dash cam is not actually enough to determine whether or not Mr. Norville did or did not stop at that stop sign. Even though his own lawyer conceded that it was sufficient. His own lawyer did initially conceded, however, further evidence that had come forward had made it. But the further evidence you refer to is the absence of a white line and not evidence about whether he rolled through the stop sign. That's my problem. Yes, Your Honor. However, there are actually disputed issues of material fact here that are outcome determinative in determining whether or not an evidentiary hearing was required. So if we think, before you go there, if we think that the dash cam video shows your client going through the stop sign without stopping, do any other material facts matter? Do any other disputed facts matter? They would not, Your Honor. Okay. And in looking at the video that your client rolled through that video, you agree that a hearing is not necessary at that point because there's no disputed fact. Yes, that would be correct in that narrow instance, Your Honor. However, the dash cam video is not enough to actually come forward with that conclusion by itself. And the reason for this is because the dash cam video is behind Mr. Norville and it's not actually attached to Mr. Norville's person. So we're actually not sure, looking entirely on the dash cam video, whether or not Mr. Norville actually stopped or whether or not he didn't. There's simply no evidence based off of that dash cam video alone. And furthermore, Your Honor, the absence of a stop line also requires an evidentiary hearing in this case. The reason for this is because- You just told Judge St. Eve that it was not material if the video shows that Norville rolled through the intersection. So how is it material? You apparently changed your mind very quickly. No, Your Honor. So this is actually a three-step process. So there's actually three different hurdles that Mr. Norville has to overcome to actually request and require the evidentiary hearing. First, there needs to be an evidentiary hearing to determine whether or not Mr. Norville did or did not actually stop at that stop sign and whether or not he rolled it or not. And the second one is where Mr. Norville's required to stop. And finally, the third one has to do with a separate issue which has to do with- But he wasn't stopped for failing to stop at the right place. He was stopped for failing to stop at the wrong place. Or even more precisely stated, the probable cause for the arrest was failure to stop, full stop. You know, the officer cited something different for the stop, but you acknowledge our case law that what the officer says he stopped someone for doesn't have to be what supplies the probable cause for the arrest, right? Yes, Your Honor. The Supreme Court precedent in Atwater v. City of La Pluta v. St. Steph. However, in this particular instance, Your Honor, there is an open question that is being disputed by both parties whether or not Mr. Norville did actually come to a stop or whether or not he actually rolled the stop sign. When I answered Judge St. Eve's question, it was simply a hypothetical where I was saying if this court did believe that Mr. Norville did not stop at that stop sign, then this entire argument would not need to happen. However, in this particular instance, we as the appellants believe that Mr. Norville did actually stop at that stop sign, and the initial statements made by the defense counsel below were actually reversed later on and therefore should not be held here in this particular instance to be what actually happened. And that is the reason that there's a disputed issue of material fact that requires us to determine whether or not Mr. Norville stopped in the right location and not whether or not Mr. Norville stopped at all. In this particular instance, Your Honor, the Illinois statute specifically regarding this is 625 ILCS 5-11-1204, which states that when there is a stop line, you're required to stop behind the stop line. If there's a crosswalk, you're required to stop behind the crosswalk, and if there's not a stop line or a crosswalk, you're required to stop where you're able to see the oncoming traffic and safely able to go forward. In this particular instance, the dash camera footage here would not actually show where Mr. Norville was required to stop because the police officers were behind Mr. Norville while Mr. Norville was going forward. Therefore, the dash cam video does not show what Mr. Norville saw that day when he was stopped at that stop sign, if this court believes that Mr. Norville stopped at that stop sign. And it's for those reasons that we have an outcome determinative issue with disputed material facts, and therefore, an evidentiary hearing is required, and the district court abused their discretion by not granting that evidentiary hearing. Furthermore, after this issue is done, there's a second issue that's in front of this court today as well, which has to do with whether or not Mr. Norville was riding a motorized bicycle and therefore would have been an independent justification for arresting Mr. Norville beyond the stop signs because he didn't have a driver's license at that time. If Mr. Norville was operating a motor vehicle, that would be a justifiable arrest, and therefore, that would lead to a search incident to that arrest. However, the Illinois motorized bicycle statute requires that it's only considered to require a license for a motorized bicycle when it's going over 28 miles an hour. And in this particular instance, Mr. Norville disputes that fact and states that this is an outcome determinative issue because he was actually operating a low-speed bicycle, not a high-speed motor vehicle, and therefore, did not require a driver's license to operate it, and therefore, that cannot be a separate independent justification for a search incident to an arrest. In footnote three of the respondent's brief, they actually bring forth this argument as an alternate in case they're unable to win on this first argument, and that's also disputed here today, and an evidentiary hearing would be required for those reasons. It's for these reasons, because the district court abused their discretion, that we ask that you reverse and remand to the district court for further proceedings. I would like to reserve the remainder of my time for rebuttal. Certainly, counsel. Ms. Seaburger. Thank you, Your Honors. May it please the court, counsel, my name is Sarah Seaburger, and I represent the United States. An evidentiary hearing isn't needed when there's no dispute as to the evidence. Therefore, in this case, the district court's ruling should be affirmed. As has been previously discussed, in this case, there's a dash cam video which shows the defendant not stopping at all, completely going through a stop sign. That evidence was reviewed by the district court. The presentation of that evidence was agreed to by both parties, and therefore, there was no abuse of discretion when the court declined to hold an evidentiary hearing in this matter. As the court noted, that was the best evidence. This court's seen, counsel mentioned, that better evidence would have been a body-mounted camera. This court's certainly seen police officer body-worn cameras. That, in fact, wouldn't have been as good as the dash cam video, which shows from behind that the defendant, on his motorbike or bicycle, never stopped at all. Your Honor, this is not, or Your Honors, this case is not about when it's proper, or where it's proper to stop at a stop sign, because, again, the defendant did not stop at all. Additionally, just to briefly address the issue of the speed of the motorbike, as Your Honors are aware, the issue here, when there's a dispute of material fact, is whether or not it would affect the outcome. As pointed out, in this case, the speed issue and the driver's license issue would not affect the outcome, because probable cause exists as to the issue of whether or not the defendant rolled a stop sign. So before we discuss whether or not there's an issue of the speed and how fast the bicycle can go, which I would note, I don't believe there was any evidence presented, along with the motions to suppress in the trial court, that the motorcycle does not qualify in the speed category, which requires a license. In fact, what was presented was the officer's testimony that it would. However, again, there was no need for that evidentiary hearing, because there was no dispute as to the facts about how fast the bicycle could go. There was no evidence also offered, which overcame that video. Also, just to briefly touch on how, at the two different hearings initially, defense counsel had sort of conceded the going through the stop sign. At that second hearing, the defendant got sort of a second opportunity to present additional evidence to try and refute that dash cam video. That was that six photographs. And those were not enough to sway the district court. And I would submit that that is obviously accurate, because again, what those photographs showed was the absence of the stop line, which, as previously discussed, would not affect the outcome in a case where the defendant did not stop at all for the stop sign. I guess, if there are no questions from your honors, in closing, the defendant in this dash cam video and six photographs, in many ways, they got to present a significant amount of evidence. We don't have an indication of what additional evidence it is they felt they would have needed to present at an evidentiary hearing. The court did not abuse its discretion in declining to hold such a hearing. The government would rest on our briefs and ask the court to affirm the ruling in the district court. Thank you. Thank you, counsel. Anything further, Mr. Straubinen? Yes, Your Honor. During their arguments, the federal government suggested that there wasn't any objective evidence to suggest whether or not the motorcycle was able to go at a certain speed above 28 miles an hour. However, what the defense counsel failed to mention is that it is the burden of the government to show that there is probable cause to determine that there is grounds for an arrest and not the burden of Mr. Norville to show that there is probable grounds for the basis of the arrest. And therefore, it's actually the burden of the government to bring forward how fast the motorcycle was able to go, not Mr. Norville, and therefore cannot be grounds for probable cause because the government just admitted that they didn't have enough evidence to show that. Therefore, the only information that's left here now has to do with the stop sign. And again, the evidence shown by the dash cam would not be sufficient here. The government tried to mention that body camera footage is actually not superior in this instance to dash camera footage because of how body camera footage normally appears. However, the issue here is to determine whether or not Mr. Norville stopped at the right part. And if there was a body camera attached to Mr. Norville, we'd be able to see what Mr. Norville had seen at that day to determine whether or not he stopped at a proper point because we need to figure out where the oncoming traffic was coming and where it'd be proper to stop. Because we don't have that information, the dash camera footage is not sufficient by itself to determine where it's proper for Mr. Norville to stop. And it's for these reasons that we ask that you reverse and remand to the district court for an abuse of discretion. Thank you. Thank you very much. Mr. Palmer, we appreciate your willingness and that of your law firm and that of the board to accept the appointment in this case. And Mr. Siravanan, thank you for your able argument and we will look forward to welcoming you to our bar in due course. The case is taken under advisement.